Mr. Dan McCraw, Chairman Garland County Election Commission 1401 Malvern, P.O. Box 1559 Hot Springs, AR 71902
Dear Mr. McCraw:
This is in response to your request, as Chairman of the Garland County Election Commission, for an opinion on the following election questions:
 1. In light of Act 461 of 1995, are we still required to comply with A.C.A. § 7-5-314(a)(1) as to maintaining a quadruplicate list?
 2. Is the Garland County voting system a "ballot" system or a "machine" system?
With regard to your first question, as you have noted, following passage of Act 461 of 1995 the stub number is no longer printed on each ballot.See Acts 1995, No. 461, § 1 (amending A.C.A. § 7-5-208). It is my opinion, however, that the quadruplicate listing of all voters will still be required until January 1, 1996, the effective date of Act 946 of 1995 (see also Act 963 of 1995, which is identical to Act 946).
Act 946 amended, inter alia, A.C.A. § 7-5-314 regarding procedures to be followed by election clerks at the polls. Act 946 removed the requirement, found in A.C.A. § 7-5-314(a)(1) (Repl. 1993), with respect to quadruplicate voter lists. See Acts 1995, No. 946, § 8. Act 946 does not become effective, however, until January 1, 1996. Id. at § 14. It must therefore be concluded that the voter list requirement under §7-5-314(a)(1) (Repl. 1993) remains in effect until that date.
In response to your second question, it is my opinion that consideration must be given to the particular context in which the question is asked. This follows from the fact that there are separate provisions in the Arkansas Code addressing the use of "voting machines" (A.C.A. § 7-5-501et seq.) and "electronic voting systems" (A.C.A. § 7-5-601 et seq.), apart from paper balloting.[1] As a general matter, an electronic voting system constitutes neither the use of paper ballots nor voting machines.See Op. Att'y Gen. 94-280 (regarding appointment of election judges and clerks).
In this regard, while I am somewhat uncertain as to the precise context of the question, it appears that your concern is focused upon the constitutional requirement that "[a]ll elections by the people shall be by ballot or by voting machines which insure the secrecy of individual votes." Ark. Const. amend. 50, § 2. You state that your system would appear to meet the definition of a "voting machine" under Amendment 50, § 2, since you use mechanical devices and can insure the secrecy of individual votes.
The terms "ballot" and "voting machines" are not defined in Amendment 50. Regardless, however, of which category your particular system is deemed to fall under, Section 2 of Amendment 50 is intended to insure that the method of voting guarantee the secrecy of individual votes. See
Op. Att'y Gen. 94-322 (copy enclosed). This requirement is echoed in various provisions of the election code. See, e.g., A.C.A. §§ 7-4-107(b) (requiring voting booths for preparing ballots) and 7-5-607 (Repl. 1993) (requiring arrangement of electronic voting system "in such a manner as to assure secrecy in voting.") Thus, if the secrecy of individual votes is insured, the constitutional requirement will, in my opinion, be met.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] In accordance with A.C.A. § 7-5-604(b) (Repl. 1993), however, election procedures governing other methods of voting are applicable to electronic voting systems to the extent that such procedures are not inconsistent with electronic voting.